IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RICK WILLIAMS, an individual, and NORTHERN REGAL HOMES, INC., a Utah Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING AND CARRINGTON MORTGAGE SERVICES, LLC, a limited liability company, and UPLAND MORTGAGE LOAN TRUST A, STANWICH MORTGAGE LOAN TRUST A, and DOES 1-5,<br><br>Defendant. | **ORDER DISMISSING CASE**<br><br>Case No. 1:18-cv-00025-RJS<br><br>District Judge Robert J. Shelby |

Plaintiffs, a Utah corporation and an individual residing in Utah, filed this action on February 20, 2018.[1] Plaintiffs also filed on February 20, 2018, a Motion for a Temporary Restraining Order seeking to stop a trustee's sale set to take place that afternoon.[2] In the governing First Amended Complaint, Plaintiffs allege diversity as the sole basis for the court to exercise subject matter jurisdiction.[3] One of the Defendants, Carrington Mortgage Services, LLC, is alleged by the Utah Plaintiffs to be "a Delaware limited liability company doing business in Wasatch County, Utah."[4] But in their First Amended Complaint and the Motion for TRO, Plaintiffs do not identify this Defendant's members or their citizenship.

---

[1] Dkt. 2, Complaint; and Dkt. 3, First Amended Complaint.

[2] Dkt. 4.

[3] Dkt. 3 at ¶ 9 (citing 28 U.S.C. § 1332 as the lone basis for jurisdiction).

[4] Dkt. 3 at ¶ 4.

1

These allegations—or absent ones—do not permit the court to evaluate its diversity subject matter jurisdiction, because they do not identify the citizenship of each of Carrington's members. Under clear guidance from the Tenth Circuit, the citizenship of an unincorporated association—including an LLC such as Carrington—is "determined by including all the entities' members."[5] And other pleading requirements apply to determining the citizenship of trusts.[6]

Accordingly, on February 20, 2018, the court denied the Motion for Temporary Restraining Order[7] without prejudice to refile, noting that Plaintiffs had not met their burden to establish the court's subject matter jurisdiction, and left the court unable to grant the extraordinary relief they sought on an expedited, ex parte basis. The court further ordered that, should the case not be voluntarily dismissed pursuant to Rule 41, Federal Rules of Civil Procedure, "Plaintiffs shall, within fourteen (14) days, file a notice of the names and citizenship of Carrington's members, together within information sufficient to determine the citizenship of the named trust Defendants."[8] The court warned that if the jurisdictional information, or an explanation of why it could not be provided, was not filed with the court within fourteen days, the case would be dismissed without prejudice.[9]

The deadline passed on March 6, 2018 for Plaintiffs to file the requested jurisdictional information, or an explanation of why it could not be provided. Accordingly, pursuant to the court's prior Order, this case is DISMISSED WITHOUT PREJUDICE based upon Plaintiffs' failure to establish subject matter jurisdiction. The clerk of court is directed to close this case.

---

[5] *Management Nominees, Inc. v. Alderny Investments, LLC,* 813 F.3d 1321, 1325 (10th Cir. 2016) (citations omitted).

[6] *See Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir. 1998) (concluding defendant was a trust, not unincorporated association; and district court had thus correctly looked to citizenship of its trustees in evaluating diversity jurisdiction).

[7] Dkt. 4.

[8] Dkt. 6.

[9] Dkt. 6 at 3.

SO ORDERED this 7th day of March, 2018.

BY THE COURT

_____
District Judge Robert J. Shelby